ERNEST SCHEIBE v. FRUIN-COLNON CONTRACTING COMPANY, Appellant.
—23 S. W. (2d) 44.

Division One, December 30, 1929.

*John T. Sluggett, Jr.,* and *R. C. Brinkman* for appellant.

*Kelley, Starke & Hassett* for respondent.

GANTT, J.—Damages for personal injuries. Plaintiff was working for defendant in a pier hole. While doing so, the west wall of the hole caved and injured him. Negligence is charged as follows:

(1) Failure to brace the wall; (2) ordering plaintiff in the hole when the earth was wet, loose and likely to cave; (3) failure to warn plaintiff of the danger; (4) assuring plaintiff it was a safe place to work; (5) failure to brace the dirt thrown to the surface in digging; (6) failure to exercise ordinary care in inspecting the walls of the hole.

Answer was a general denial. The fourth and fifth charges were withdrawn from the consideration of the jury. Judgment was for $12,500. Defendant appealed. The facts follow:

In the fall of 1925 the defendant was constructing a building at North Market and Glasgow Streets in St. Louis. The location is an old quarry filled with clay, to which had been added an occasional load of rocks, bricks, cinders and rubbish. Defendant's excavators dug fifty-two pier holes of different sizes and depths as footings for the foundation. In digging the hole in question they threw the dirt north, south and east to the surface and near the edge of the hole. Lumber about four feet high was near the west edge of the hole, which was seven feet square and eleven and one-half feet deep. Plaintiff's only duty was the planting of rod-iron matting in the bottom of the holes to reinforce the concrete. On October 6, 1925, he planted the matting in this hole. There was a heavy rain that night which softened the bottom of the hole. The following morning, and after a laborer had removed the slush and dirt from the hole, the plaintiff and a co-iron-worker descended and proceeded to remat the hole. While doing so the west wall caved and seriously injured plaintiff.

There was evidence tending to show the condition of the earth in the west wall of the hole was such that, by the exercise of ordinary care in inspecting, it could have been discovered that the wall might cave. There was evidence to the contrary. The superintend-

ent of defendant testified it was his duty to inspect the holes and brace the walls, if necessary, to prevent injury to employees; that he inspected the walls on the morning of the 7th and before plaintiff entered the hole; that they were of a clay nature, except the west wall was partly cinder filled; that the walls seemed solid. Other witnesses testified that after the wall caved, they observed pieces of brick, rock, tin cans and other rubbish in the dirt which had fallen from the wall into the hole.

Defendant does not here contend that the plaintiff failed to make a submissible case, but only complains of the refusal of an instruction which follows:

"The court instructs the jury that the defendant was not required to guard against a happening of occurrences which an ordinarily prudent person could not anticipate; therefore, if you find and believe that the plaintiff was injured in such a manner that such injuries could not have been reasonably anticipated by an ordinarily prudent person, defendant is not liable and your verdict must be for the defendant."

Defendant cites American Brewing Assn. v. Talbot, 141 Mo. 674, l. c. 683, 42 S. W. 679, as authorizing this instruction. In that case we held there was no substantial evidence of negligence and that the injury was occasioned by an act of God. On the record in this case it was not a question of anticipating occurrences under exceptional circumstances. It was a question of exercising ordinary care in inspecting the walls of the hole on the morning of October 7th. The defendant so understood the issue and at its request the jury was instructed as follows:

"The court instructs the jury that if you believe and find from the evidence that the condition of the earth in the sides and about the hole mentioned in the evidence could not have been discovered by the exercise of ordinary care in inspecting said hole and that the defendant, by its agents, servants and employees, did inspect and used ordinary care in inspecting the hole mentioned in the evidence, and said inspection (if you find defendant did so inspect) did not disclose an unsafe condition of said hole, then the plaintiff cannot recover in this case and your verdict must be for the defendant."

The jury found for the plaintiff and therefore found the defendant was negligent in making the inspection.

In cases of negligence, "the party charged may be held liable for anything which, after the injury is complete, appears to have been a natural and probable consequence of his act or omission." [Benton v. St. Louis, 248 Mo. 98, l. c. 110, 154 S. W. 473.]

The requested instruction was properly refused and the judgment should be affirmed.

It is so ordered. All concur.